### P. MAZOUE *v.* DENNIS CAZE et al.

The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer.

The tradition or delivery of movable effects takes place either by their real tradition, or by the delivery of the keys of the buildings in which they are kept; or even by the bare consent of the parties, if the things cannot be transported at the time of sale, or if the purchaser had them already in his possession under another title.

The seller is not bound to make a delivery of the thing, if the buyer does not pay the price, and the seller has not granted him any term for the payment.

APPEAL from the Third District Court of New Orleans, *Hiestand,* J. *H. Train, for plaintiff.*—On the 25th August, 1862, the plaintiff caused to be sold at auction, through Guinault, the cows, etc., of his dairy establishment, the terms of which sale were six months credit for approved endorsed notes, to be furnished prior to the delivery of the cows sold. Defendant Caze became the last and highest bidder of a cow and a calf for $184, and of two other cows for $222, making in all $306. Two or three days after the sale, the said Caze, without having complied with the terms of the adjudication, by furnishing his notes, with a satisfactory endorsement, went to the place where the sale was made, and in the absence of the plaintiff, and without his consent, took surreptitious possession of the cows and calf adjudicated to him, drove them away, and

subsequently P. Canter, the other defendant, was found in possession of one of the cows, the one which had the calf. It was sequestered by plaintiff while in Canter's possession, who bonded the same. The calf having been previously sold by Caze to another unknown party for twenty-five dollars.

Upon such a showing, the District Court gave judgment in plaintiff's favor, against P. Canter, for the restoration of the cow found in his possession and sold to him by Caze, as alleged, and in default thereof to pay $159 to plaintiff. From that judgment Canter has appealed. The laws are abundant for its affirmance. C. C. 3472, 3473, 3474; 4 N. S. 288; 11 R. 16; 2 A. 976, 997; 12 R. 536; C. C. 2427, 2463, 2464, 2591; Toullier, vol. 14, §§ 117, 118, 119. "Nemo plus juris in aluim transferre potest quàm ipse habet."

*L. Castera and A. Grima, for defendant and appellant Canter.*—Denis Caze and P. Canter are sued in solido, for the payment of a sum of $306, value of three milk cows and one calf which said Caze purchased at the auction sale of plaintiff's dairy establishment, one of the said cows having been subsequently sold by Caze to P. Canter, the present appellant. Canter appeals from the judgment of the inferior Court condemning him to turn back the cow by him purchased to the plaintiff, or in default thereof to pay the sum of $159. Plaintiff, P. Mazoue, has not joined the appeal, and does not ask the reversal of the judgment on any point. Therefore, the rule by him taken below to dismiss this appeal cannot be entertained by your Honors. See C. P. 592, 887, 888, 889, 907; 4 An. 150, *Cobb* v. *Hynes;* 5 An. 140, *Succession of Decoux;* 8 An. 73, *Hood* v. *Knox;* 10 An. 197, *Wortham* v. *Shenck.* But on the merits of the rule, the security being found solvent, the only question is whether the amount in dispute is appealable. It should be recollected that Canter, the present appellant, is sued in solido with Caze for a sum of $306, besides the restitution of a cow valued at $159; it is the amount sued upon or claimed which determines the right of appeal. C. P. 580, 874, 875; 6 La. 323, *Burke* v. *Erwin's Heirs;* 3 Rob. 370, *Gerber* v. *Marzoni;* 12 Rob. 178, *Succession of Stafford;* 2 An. 163, *McKee* v. *Ellis.* Also C. P. 564, 570, 571, 573, 585.

On the merits of the case the appellant offers the following remarks: P. Canter bought in good faith, a cow from Caze, his co-defendant in solido. The appellee bases his action upon the pretended fraud or collusion of defendants: fraud will not be presumed. The Judge of the inferior Court himself admits, that as to the defendant Canter, the testimony does not establish the charge of fraud or collusion with Caze. C. C. Art. 3413 reads as follows: "The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which in fact belongs to another. *Poultney's Heirs* v: *Cecil's Ex.*, 8 La. 424; *Pearce* v, *Frantum*, 16 La. 414; *Lowry Curator* v. *Erwin*, 6 Rob. 218, 211. Canter is a bona

fide purchaser, for a valid consideration; can he suffer from any defect in the title of his immediate vendor? We contend: first, that as to the present appellant, the title of his vendor was sufficient, for the sale to Caze was not for cash, but on term, in which case delivery completes the contract. C. C. Art. 2463 reads: "The seller is not bound to make a delivery of the thing, if the buyer does not pay the price, and the seller has not granted him any term for payment; also C. C. 2453. Art. 2463 is copied from Art. 1612 C. N. Says Troplong, De la Vente, § 312; "Si l'achèteur a obtenu un terme pour payer le prix, il a droit d'exiger, en attendant, la délivrance de la chose." Pothier, Contrat de Vente, No. 67, says: "Le principe que nous venons d'établir, que l'acheteur n'est pas reçu à demander que la chose vendue lui soit livrée, s'il n'offre d'en payer le prix, n'a pas lieu lorsque le vendeur, par le contrat, lui a accordé pour le paiement un terme qui n'est pas expiré."

The case of Canter is simply that of a man who finds an object or a thing in the possession of another, and having no notice whatsoever of any defect in the title of the actual holder, buys it and pays for the same. Caze purchased at auction sale; the contract which is formed by the adjudication of the auctioneer is subject to the general rules governing the contract of sale. Says Art. 2586 : "This adjudication is the completion of the sale; the purchaser becomes the owner of the object adjudged, and the contract is from that time subjected to the same rules which govern the ordinary contract of sale." If Caze did not conform himself to the conditions of the sale, the law points out the proper remedy to be sought or used. Vide C. C. 2529, 2539, 2542, 2543. If Caze carried the cows away without any right, he was guilty of a criminal offence ; and, if so, remedy should first have been sought before the proper tribunal.

The agreement amounts to the sale between the parties ; the delivery completes it as to third persons. Where one of several parties must suffer, the loss should fall on that party who, by his imprudent confidence, has enabled the wrong-doer to get credit with innocent third persons. *Campbell* v. *Penn*, 7 An. 371; *Pike* v. *Mongei*, 4 An. 229. It must not escape our consideration that we are dealing with a movable property, and to any enquiry of Canter about his title Caze might have answered: "Possideo quia possideo." When this appellant bought the cow, he had no reasons to suppose there was any controversy about the title, and he cannot suffer for his legal act.

LABAUVE, J. The plaintiff claims of the defendants, in solido, the sum of $306, the value of three cows and one calf, purchased by said Caze, at the auction sale of plaintiff's dairy establishment, one of said cows having been sold subsequently by said Caze to P. Canter. The petition alleges, in substance, that said Dennis Caze did, illegally and without authority, on the 25th August, 1862, take from the premises of petitioner and carry away, three cows, belonging to him, and brought one of said cows, of the value of $184, to the house of Peter Canter, and the other two cows were

disposed of by said Caze without the knowledge and consent of petitioner, etc.

Caze answered by a general denial. He further answered that he had purchased the cows in question, on the 25th August, 1862, at public auction, for $306, payable according to the terms announced, in six months; and that the said cows were delivered to him by plaintiff.

P. Canter answered by a general denial; and further, that, in his dealings with said Caze, he acted fairly; and that he purchased a cow from him on the 9th October, 1862, for a valuable consideration.

The District Court gave judgment against D. Caze for $306, with legal interest, and against the defendant Canter for the restitution of the cow purchased by him from said Caze, and, in case of his failure to restore the same, to pay $159, with interest.

P. Canter alone took this appeal.

The testimony shows the following facts:

On or about the 25th August, 1862, plaintiff caused the cows composing his dairy to be sold at auction, by Guinault, auctioneer.

The conditions of the sale were, that the purchasers should give their notes at six months, endorsed to the satisfaction of the vendor, previous to the delivery of the cows adjudicated to each purchaser. The defendant, Caze, purchased three cows, one of them having a calf. Two or three days after the crying at auction, and whilst the plaintiff was absent from the place where the sale was made, Caze, without having complied with the terms of the adjudication, sent and had the three cows, one with a calf, adjudicated to him, taken away. Some time after getting possession of the cows, he placed the one which had the calf on the premises of the defendant, Canter, having sold the calf. The cow remained there some time, when he sold her to Canter, on the 8th October, 1862, for $100. The price for which the cow and calf were adjudicated to Caze was $184; the calf was worth about $25.

According to this evidence, the case turns entirely on a question of delivery and possession.

The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer. C. C. Art. 2452; 13 L. 235; 12 R. 51. Delivery of movable effects may take place in three different ways: by real tradition; by delivery of the keys of the building in which they are kept; or even by the bare consent of the parties, if the things cannot be transported at the time of sale. C. C. Art. 2453. The seller is not bound to make a delivery of the thing, if the buyer does not pay the price, and the seller has not granted him any term for the payment. C. C. Art. 2463. It is true, in this case, that the buyer had a term of six months to pay; and it is contended upon this Article of the Code, and Troplong and Pothier are quoted in support of the argument, that the sale was complete, and the seller bound to deliver the objects adjudicated; but this credit of six months was with a condition precedent. "*That the purchasers should give*

*their notes at six months, endorsed to the satisfaction of the vendor, previous to the delivery of the cows adjudicated to each purchaser.*"

The cows were never delivered to Dennis Caze, who was not entitled to a delivery; he obtained possession of them by fraud, without having complied with the conditions of the adjudication, by giving his note satisfactorily to the plaintiff. The sale was not complete, and the cows were yet the property of plaintiff; and the defendant, D. Caze, having no ownership in the cows, could transfer none to his co-defendant, Canter.

We are of opinion that the judgment of the District Court is correct.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs.